IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JANNA BALAK, as Personal Representative of the Estate of JOE P. CHRISMAN, deceased,<br><br>      Plaintiff(s),<br><br>v.<br><br>1) KV PHARMACEUTICAL COMPANY and<br>2) ETHEX CORPORATION<br><br>      Defendant(s). | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-09-1183-L<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**COMES NOW** the Plaintiff, Janna Balak, as Personal Representative of the Estate of Joe P. Chrisman, for her claims against the Defendants, KV Pharmaceutical Company and Ethex Corporation, alleges and states as follows:

**I.     PARTIES, JURISDICTION AND VENUE**

1. Joe P. Chrisman died on October 26, 2008, in his home in Oklahoma City, OK within Cleveland, County.

2. Joe P. Chrisman was a resident of Cleveland County, State of Oklahoma, at the time of his death.

3. Plaintiff Janna Balak is the duly appointed and acting Personal Representative for the Estate of Joe P. Chrisman, deceased.

4. Defendant KV Pharmaceutical Company is incorporated under the laws of the State of Delaware with its corporate headquarters located in St. Louis, Missouri.

5. Defendant KV Pharmaceutical Company is engaged in the business of manufacturing, processing, packing, labeling, holding, and distributing prescription and non-prescription drugs. KV Pharmaceutical Company distributes drugs under the Ethex Corporation label.

6. Defendant Ethex Corporation, a wholly owned subsidiary of Defendant KV Pharmaceutical Company, is incorporated under the laws of the State of Missouri and its corporate office is located in St. Louis, Missouri.

7. Defendant Ethex Corporation is engaged in the business of marketing and distributing drugs, including drugs manufactured by Defendant KV Pharmaceutical Company.

8. This Court has personal jurisdiction over Defendant's KV Pharmaceutical Company and Defendant Ethex Corporation in that the Defendants have substantial contacts within the State of Oklahoma.

9. The Court has subject matter pursuant to the provisions of 28 U.S.C. § 1332 (Diversity of Citizenship), in that the amount in controversy in this action exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of all interest and costs, and the parties all citizens of different states.

10. Venue is appropriate in this district pursuant to Title 28 U.S.C. §1391(a)(2) because a substantial part of the events and omissions giving rise to the claims herein occurred in the State of Oklahoma where Joe P. Chrisman, deceased, took the drug Isosorbide Mononitrate and subsequently died from complications which are the subject of this suit.

## II. LEGAL THEORIES

### FIRST CAUSE OF ACTION

### MANUFACTURER'S PRODUCT LIABILITY (STRICT LIABILITY)

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-10 and further alleges as follows:

11. At all material times, Isosorbide Mononitrate was defective and unreasonably dangerous by reason of its marketing and inadequate warnings when introduced into the stream

of commerce by the Defendants, and the Defendants are strictly liable for the injuries caused by such defects, including the death of Joe P. Chrisman, deceased.

12. As a direct and proximate cause of the Defendants' marketing conduct, Joe P. Chrisman died.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00 as authorized by law for actual damages, interest, costs, and such other relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-12 and further alleges as follows:

13. Defendants manufactured and/or placed into the stream of commerce the drug product Isosorbide Mononitrate, which reached Joe P. Chrisman, deceased, in the same or substantially the same condition in which it was produced and sold.

14. Plaintiff brings this lawsuit to recover damages for the wrongful death of Joe P. Chrisman, deceased, caused by the use of the drug product Isosorbide Mononitrate manufactured and distributed by the Defendants.

15. Defendants designed, manufactured, distributed and sold the drug Isosorbide Mononitrate at a time when it was defective, *i.e.* unreasonably dangerous beyond the contemplation of the ordinary user.

16. Defendants designed, manufactured, distributed and sold the drug Isosorbide Mononitrate at a time when Defendant knew or should have known that it was unreasonably hazardous.

17. Defendants failed to warn persons, including Joe P. Chrisman, deceased, of the

defect at a time when Defendants knew or should have known that without such warning persons including Joe P. Chrisman, deceased, were likely to be injured or killed.

18.   Defendants designed, manufactured and sold the drug Isosorbide Mononitrate at a time when it was not fit for its intended purpose nor merchantable.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00 as authorized by law for actual damages, interest, costs, and such other relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION

### DECEPTIVE TRADE PRACTICES

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-18 and further alleges as follows:

19.   Defendants' conduct in misrepresenting, misleading, and nondisclosure of the dangers inherent in the use of Isosorbide Mononitrate and subsequent sale to consumers such as Plaintiff constitutes a violation of the Oklahoma Consumer Protection Act.  OKLAHOMA ST. T. 15 §753(A)(5,20).

20.   As a direct and proximate cause of the Defendants' deceptive trade practices, Joe P. Chrisman died and Plaintiff incurred and will incur damages.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00 as authorized by law for actual damages, interest, costs, and such other relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION

### BREACH OF WARRANTY

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-20 and further alleges as follows:

21.     Defendants' conduct also constitutes a breach of the express warranties that are created by law by virtue of its affirmations, promises, and descriptions of Isosorbide Mononitrate as well as the implied warranties of merchantability and fitness for a particular purpose. OKLAHOMA ST. T. § 2-314 AND § 2-315.  Plaintiff is a third party beneficiary of these warranties.  OKLAHOMA ST. T. 12A § 2-318.

22.     As a direct and proximate cause of the Defendants breach of warranty, Plaintiff incurred damages.

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00 as authorized by law for actual damages, interest, costs, and such other relief as the Court deems just and proper

### FIFTH CAUSE OF ACTION

### PUNITIVE DAMAGES

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-22 and further alleges as follows:

23.     At all material times, Defendants' conduct in promoting, selling, marketing and as otherwise set forth hereinabove in regard to Isosorbide Mononitrate demonstrated a reckless disregard for the health, safety, and welfare of others, including Plaintiff.  As such, Plaintiff is entitled to recover punitive damages against the Defendants.

### No Election or Waiver

24.     The facts, circumstances and claims set forth above are pled cumulatively and alternatively, with no election or waiver of remedies until such time as the trier of fact has decided disputed issues of fact.

### Jury Demand

25.     Plaintiff hereby exercises her constitutional right to a jury by trial.

**Damages**

26. Plaintiff, Janna Balak, as Personal Representative of the Estate of Joe P. Chrisman, deceased, is entitled to recover wrongful death damages on behalf of the Estate of Joe P. Chrisman, and on behalf of all beneficiaries under 12 O.S. §1053, including but not limited to, the following:

   a. Funeral and burial expenses incurred as a result of the negligence of Defendants KV Pharmaceutical Company and Ethex Corporation;

   b. Grief and loss of companionship of the children of Joe P. Chrisman: Janna Balak and her adult physically handicapped brother;

   c. Mental and physical pain and suffering of Joe P. Chrisman; and

   d. Such other damages as the Court deems appropriate.

**WHEREFORE,** Plaintiff prays judgment against Defendants in an amount in excess of $75,000.00 as authorized by law for actual and punitive damages in an amount to be proven at trial, prejudgment and post-judgment interest, costs, and such other relief as the Court deems just and proper.

Dated this 29th day of October, 2009.    Respectfully submitted,

   /s/Noble McIntyre
Noble McIntyre, OBA #16359
Jeremy Thurman, OBA # 19586
MCINTYRE LAW, P.C.
1300 South Meridian, Suite 501
Oklahoma City, Oklahoma 73108
T: (405) 917-5200
F: (405) 917-5405

**ATTORNEYS FOR PLAINTIFFS**